Filed 1/20/15  P. v. Honn CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　v.<br><br>STEVEN LEE HONN,<br><br>　　Defendant and Appellant. | F067988<br><br>(Fresno Super. Ct. Nos. F13906194 & F13906177)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Don Penner, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Cornell, Acting P.J., Gomes, J. and Poochigian, J.

## INTRODUCTION

Appellant/defendant Steven Lee Honn pleaded no contest to two counts of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and admitted one prior prison term enhancement (Pen. Code[1], § 677.5, subd. (b)) in two separate cases. He was sentenced to an aggregate term of three years. His appellate counsel has filed a brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

### Case No. 13906194

On April 21, 2013, police officers conducted a probation search at a residence in Fresno. During the search, defendant and some other men ran from the house. Defendant was detained and said he was on probation. Defendant was found in possession of an eyeglass case attached to his belt loop, and it contained a baggie with 0.14 grams of methamphetamine.

On July 2, 2013, a complaint was filed which charged defendant with possession of methamphetamine with two prior prison term enhancements.

### Case No. F13906177

On June 30, 2013, an officer stopped defendant because he was riding his bicycle in the wrong direction. Defendant said he was on probation, and he possessed something illegal. He produced an Altoids box from his pocket, which contained a baggie with 0.21 grams of methamphetamine. Defendant said he had used methamphetamine for years.

On July 2, 2013, a separate complaint was filed which charged defendant with possession of methamphetamine, with two prior prison term enhancements.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

**Pleas and sentence**

On July 3, 2013, defendant pleaded no contest in case No. 13906194 and admitted one enhancement. Defendant also pleaded no contest in case No. F13906177 and admitted one enhancement. Defendant was on an active grant of Mandatory Supervised Release (MSR) in another case, case No. F012902469, when he committed the current offenses in the two cases, and admitted he violated the terms of the MSR by failing to obey all laws.[2] The court revoked his MSR in case No. F012902469, remanded him into custody, and granted the prosecution's motion to dismiss the remaining allegations in both cases.

On August 7, 2013, the court conducted the sentencing hearing, found defendant was statutorily not eligible for probation based on his prior felony convictions, and there were no unusual circumstances. The court noted defendant had five prior felony convictions, three of which were for property crimes, and he was on an active grant of MSR when he committed the current offenses. "[I]t appears while both these cases are simple possession cases, the defendant has demonstrated in the past two things[,] that he supports his habit by committing property crimes and also he's exhibited conduct which the court interprets as his ignoring any attempts by probation to rehabilitate defendant in getting him into a program."

In case No. F013906194, the court sentenced defendant to the midterm of two years in jail, with a consecutive one-year term for the enhancement. The court awarded total credits of 112 days (56 days actual/56 conduct).

---

[2] In case No. F012902469, defendant received the MSR grant in 2012 after pleading guilty to grand theft of property (§ 487, subd. (a)) with one prior prison term enhancement. According to the probation report, the current offenses were his third violation of the MSR grant.

In case No. F13906177, the court imposed a concurrent midterm of two years in jail for possession of methamphetamine and stayed the term for the enhancement. The court awarded 77 days of credits (39 actual/38 conduct).

In each case, the court ordered defendant to pay a $560 restitution fine (§ 1202.4); a $40 court operation assessment fee (§ 1465.8); a $30 criminal conviction assessment fee (Govt. Code, § 70373), and a $50 laboratory fee (Health & Saf. Code, § 11372.5).

In case No. F012902469, the court denied reinstatement of MSR. The original term was for 545 days and defendant had 301 total credits. The court imposed the balance of time in custody, which was 244 days, to be served concurrently to the other terms. The court lifted the stay on the section 1202.45 fine previously imposed in that case.

On September 9, 2013, defendant filed a notice of appeal and request for a certificate of probable cause in both cases, which were granted.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on January 30, 2014, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[3]

## DISPOSITION

The judgment is affirmed.

---

[3] Nothing in this opinion precludes defendant from filing a petition in the superior court under Penal Code section 1170.18 (Proposition 47) if applicable.

4.